IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shannon S.,[1] | ) | C/A No. 0:24-7565-SAL-PJG |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **ON PLAINTIFF'S APPEAL FROM THE** |
| v. | ) | **SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Commissioner of the Social Security Administration, | ) | **SOCIAL SECURITY BENEFITS** |
| | ) | |
| | ) | ☐ Affirm |
| Defendant. | ) | ☒ Reverse and Remand |
| | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.03 (D.S.C.). The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒  Supplemental Security Income ("SSI"):  Plaintiff's age at filing: <u>47</u>

☐  Disability Insurance Benefits ("DIB"):  Date last insured: <u>        </u>

☐  Other:

Application date: <u>October 13, 2021</u>

Plaintiff's Year of Birth: <u>1974</u>

Plaintiff's alleged onset date: <u>September 22, 2021</u>

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); <u>see also</u> <u>Blalock v. Richardson</u>, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. <u>Id.</u>

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants in social security cases only by their first names and last initials.

Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  January 19, 2024

In applying the requisite five-step sequential process, the ALJ found:

Step 1:    Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:    ☒ Plaintiff has the following severe impairments:

lumbar degenerative disc disease, chronic obstructive pulmonary disease (hereinafter COPD), right shoulder degenerative joint disease, bilateral shoulder impingement syndrome, type 2 diabetes, migraine headaches, obesity, and depression (20 CFR 416.920(c)).

☐ Plaintiff does not have a severe impairment.

Step 3:    ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:    Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant requires the use of a hand held assistive device for standing and walking; she can never climb ladders; she can occasionally climb stairs; she can occasionally stoop, crouch, balance, kneel, and crawl; she can occasionally be exposed to extreme heat, extreme cold, humidity, and respiratory irritants.  She can never be exposed to unprotected heights or dangerous moving machinery.  She can understand, remember, and carry out simple tasks and instructions; she can use judgment to make simple work-related decisions; and she can have occasional public interaction.

☐ Plaintiff could return to his/her past relevant work.

Step 5:    ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

a machine tender (DOT # 731.685-014), of which there would be 275,000 positions nationally; an order clerk (DOT # 209.567-014), 20,000 positions nationally; and an addresser (DOT # 209.587-010), 40,000 positions nationally.

Date of Appeals Council decision:  October 28, 2024

**Part IV—Standard of Review**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

Issue 1:   Plaintiff argues that the ALJ erred in evaluating the opinion evidence from Ms. Jordan.

Issue 2:   Plaintiff argues that the ALJ in evaluating Plaintiff's subjective complaints.

**Oral Argument:**

☐ **Held on** _____.

☒ **Not necessary for recommendation.**

**Summary of Reasons**

Although Plaintiff raises two issues for this review, the court finds that remand is warranted on the second issue and, therefore, addresses it first. Specifically, Plaintiff challenges the ALJ's evaluation of her subjective complaints, arguing that the ALJ failed to adequately explain her reasons for discounting Plaintiff's allegations.

**A.    Subjective Complaints**

With regard to subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s)

which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Id. (internal quotation omitted). During the second step, the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects her ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *10. ALJs are further instructed to

> limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments. In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person. Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities . . . .

Id., at *11.

Further, "claims of disabling pain may not be rejected '*solely* because the available objective evidence does not substantiate [the claimant's] statements' as to the severity and persistence of her [symptoms]." Craig, 76 F.3d at 595 (citations omitted) (alteration in original); see also Arakas v. Comm'r, 983 F.3d 83, 95-96 (4th Cir. 2020) (finding that the ALJ disregarded "longstanding precedent and the agency's own policy by improperly discounting Arakas's subjective complaints of pain and fatigue, based largely on the lack of objective evidence substantiating her statements"). "This is not to say, however, that objective medical evidence and

other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's [symptoms] and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

(i) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3).

The ALJ's decision included the following summary of Plaintiff's allegations:

In the claimant's disability application, the claimant alleged that she was unable to work due to respiratory failure, degenerative disc disorder, obesity, depression, headaches, knees need replacing, weakness in right hip, and weakness in right arm (Exhibit B4E). She stated that the job she currently had was temporary. She was able to sit, stand or lie down when needed for the back pain and the pressure on my lungs while doing the job. The position was given to her as a favor as she was in need of a paycheck for her bills.
. . . .
The claimant is a 49-year-old female alleging disability based on the above noted impairments. She testified that she had a driver's license but was no longer driving as her feet would tingle and she would not realize that she was pushing the gas. She used a rolling walker and used a cane prior to that. She used the cane in her right dominant hand; and she used it for walking or just to lean on. She could sit for 10-15 minutes; she could walk 10 minutes with her cane; she could stand for 1-2

>   minutes; she could lift a gallon of milk if not having issues with her shoulder. Her shoulder hurt all the time. She had 2-3 headaches a week lasting 20-30 minutes. She has had injections in her back, but they did not help her pain. She took medications for her muscles. She would let her dog outside, but otherwise sat with her mother or lie down to read. Her lungs would get tired and tight. She could walk a few feet and then need to sit down. She used an inhaler twice a day and a breathing machine once a day. She was unable to have back surgery due to her weight. She was now taking Ozempic for weight loss. Reading books for her job could take a day or two to months, depending on whether she had a headache. She would not be able to work full-time due to her back pain and her headaches. She used the cane and walker to prevent falling. Her legs would lock, and she needed to stay still to keep her balance.

(Tr. 23-24.) The ALJ then proceeded to summarize Plaintiff's medical history, including her diagnoses, imaging findings, examination findings, subjective reports, and treatments. (Tr. 24-25.) The ALJ found that the medical evidence supported the residual functional capacity.

>   As to Plaintiff's subjective complaints the ALJ stated:
>
>   After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
>   Pursuant to Social Security Regulations and Social Security Ruling 16-3p and in accordance with section 416.929(c)(4), pain cannot be found to have a significant effect on a disability determination or decision unless medical signs or laboratory findings show that a medically determinable physical or mental impairment is present that could reasonably be expected to produce the pain alleged. In the instant case, the medical signs and laboratory findings do substantiate the claimant's physical impairments, but they are not and are supportive [*sic?*] that these impairments are capable of producing the alleged pain. Thus, I further conclude that the claimant's subjective pain complaints are not fully supported with objective findings on examination as comprehensively discussed in the body of this decision.
>
>   The effects of fatigue, pain, and medication side effects have been considered in accordance with SSR 96-8p, SSR 96-9p, and SSR 16-3p in assessing the residual functional capacity.

(Tr. 25-26.)

Thus, the ALJ clearly summarized Plaintiff's reports and medical records. She then summarily concluded that Plaintiff's reported symptoms were not "entirely consistent" with the medical evidence and other evidence in the record "for the reasons explained in this decision" and that her subjective pain complaints were not fully supported with objective findings on examination "as comprehensively discussed in the body of this decision." (Tr. 25-26.) However, contrary to the ALJ's statements, the ALJ has failed to include any explanation of how any of these records are inconsistent with Plaintiff's allegations of disabling symptoms and pain. The medical evidence contains both positive and negative findings, and at no point in the decision does the ALJ suggest any resolution of this conflicting evidence or explain which aspects of Plaintiff's subjective complaints are not supported. Moreover, there is no discussion of how the ALJ considered the applicable factors in evaluating Plaintiff's subjective complaints. See 20 C.F.R. § 416.929(c)(3); SSR 16-3p, 2017 WL 5180304, at *10 (providing the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms"). Furthermore, it is unclear how she considered the medical evidence in reaching the residual functional capacity assessment, as she found only that "the medical evidence supports the RFC" without further explanation (Tr. 25.)

Accordingly, the court remains unclear as to which aspects of Plaintiff's allegations of disabling pain were discounted and the basis for doing so. See Monroe v. Colvin, 826 F.3d 176, 189, 190 (4th Cir. 2016) (proving that an ALJ must "build an accurate and logical bridge from the evidence to his conclusions" and continues to have an obligation to "include a narrative discussion describing how the evidence supports each conclusion"). Therefore, the court is constrained to

recommend that this matter be remanded for further explanation of the ALJ's evaluation of Plaintiff's subjective complaints, as it is insufficient to satisfy the ALJ's duties and permit meaningful review of the decision.

**B.    Remaining Issue**

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Plaintiff's remaining issue, as it may be rendered moot on remand.  See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).  Nonetheless, the court does note that the ALJ's evaluation of the opinion evidence from Caitlin Abernathy Jordan, N.P., is cursory at best.  For example, in finding one of the opinions not fully persuasive, the ALJ stated, "[w]hile consistent with a sedentary exertional work level, the opined limits in concentration and off task time are not supported in the medical records." (Tr. 27.)  However, the ALJ did not provide any examples in her evaluation of this opinion to determine what evidence rendered it unsupported, and reading the decision as a whole does not aid the court, as the ALJ did not provide any analysis or explanation elsewhere in the decision that would support her evaluation.  Further, although the ALJ acknowledged Ms. Jordan's opinion that Plaintiff "would have to take frequent unscheduled breaks on an unpredictable basis in order to recover from the pain and fatigue," the ALJ did not make any determination as to this limitation.  Thus, on remand the ALJ can further consider and explain her evaluation of this opinion evidence, if necessary.  See 20 C.F.R. § 416.920c (providing the factors for consideration in evaluating the persuasiveness of the opinion evidence); Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (providing that an ALJ continues to have an obligation to "include a narrative discussion describing how the evidence supports each conclusion") (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)).

# RECOMMENDATION

**It is recommended that this matter be**

☐     **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒     **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐     **Reversed and remanded for an award of benefits.**

January 13, 2026                                     Paige J. Gossett
Columbia, South Carolina                 UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).